### Tom Johnson v. The State.

No. 7059. Decided June 21, 1922.

Rehearing Denied November 1, 1922.

**1.—Assault to Rape—Jury and Jury Law—Prejudging Case.**

Where defendant in his motion for new trial complained of the fact that upon the jury which tried him was a juror who had theretofore expressed his conviction of the guilt of appellant and of the fact that he ought to be punished for the crime charged against him, which was supported by affidavit, and it was shown upon hearing before the court that the motion was sustained by evidence, the judgment must be reversed and the cause remanded.

**2.—Same—Continuance—Practice in Trial Court.**

Where the record showed that defendant presented his first application for continuance; that he had used diligence in procuring the absent witnesses; and that the testimony was material, the same should have been granted.

**3.—Same—Rehearing—Practice on Appeal.**

Where, upon due consideration of the questions discussed in the original opinion, the court is confirmed in the conviction that they were properly disposed of, the motion for rehearing will be overruled.

Appeal from the District Court of Hale. Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of assault with intent to rape; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

W. W. *Kirk,* for appellant.—On question of disqualified juror: Mayes v. State, 24 S. W. Rep., 421; Douglas v. State, 124 S. W. Rep., 933; Dougherty v. State, 128 id., 403; Bailey v. State, 144 S. W. Rep., 1003.

R. G. *Storey*, Assistant Attorney General, and *Williams & Martin*, of counsel, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hale County of assault with intent to rape, and his punishment fixed at twenty years in the penitentiary.

There are many matters complained of in the record which we do not deem of sufficient importance to discuss. In his motion for new trial appellant complained of the fact that upon the jury which tried him was a juror who had theretofore expressed his conviction of the guilt of apppellant, and of the fact that he ought to be punished for the crime charged against him. This proposition was supported by affiadvits of Trotter, Phillips Ray and Moore. The State took issue with appellant and the court heard evidence. Trotter, Phillips and Ray each swore to facts which if true established the prejudgment of the case against appellant by said juror. Moore testified that he did sign and swear to the affidavit as presented by appellant, but stated that he only read same in part before he signed it, and did not read that part of said affidavit setting up the fact that he had had various conversations with said juror in which the juror had stated to him that appellant was guilty and ought to be punished. Moore further testified that he had himself. expressed such opinion in the presence of the juror, but did not recall that he had heard the juror state his opinion of the appellant's guilt. Said juror appeared in person before the trial court and gave testimony. He said that he did in fact have an opinion concerning the guilt of appellant, and that he so stated on his *voir dire.* He further said that he also stated that he could lay such opinion aside and give to appellant a fair and impartial trial. Reverting to the affidavits of Phillips, Trotter and Ray, we observe Mr. Phillips swore that on the day of the trial of appellant he heard said juror say "Bass didn't get nothing to what the Johnson boy (appellant) will get; if the jury turns him loose, they, the jury, will get what Bass got." It appears aliunde that one Bass had been acquitted of a crime on the day before appellant

was tried and that that night he was taken by a mob and tarred and feathered. Mr. Ray swore that on the day of the trial of appellant said juror said to him that if the jury in appellant's case did not do something with appellant they would get what that fellow Bass got, and further that if said juror had anything to do with the case he would give the appellant the limit. Mr. Phillips testified that about ten days before appellant's trial he heard said juror say that appellant was guilty, and that if he had anything to do with the case he would give appellant the limit. In this condition of the record we cannot disabuse our minds of serious doubt as to appellant having received a trial at the hands of a fair and impartial jury such as is contemplated by our law. His penalty was assessed at twenty years. It appears beyond dispute that the mind and temper of the community was much disturbed, and that conversations were prevalent among groups of citizens regarding this case and another one somewhat similar to it in which one Bass had been tried the day preceding the instant trial and his acquittal, which was followed by his being tarred and feathered by a mob as above stated. It appears clear that the opinions of other people of the guilt of appellant and what ought to be done to him were uttered in the presence of the juror, and this in addition to the fact that three apparently reputable citizens testified that he had expressed to them his personal opinion of the guilt of the accused. The right of trial by a fair and impartial jury may be regarded as the very palladium of the liberty and the security to life and property of the English speaking people. It was for this that the common people of England fought with the barons and the nobility and for which they wrested from King John at Runnymede the Magna Charta. The deprivation of a trial at the hands of a fair and impartial jury should not be tolerated no matter how grave the offense or how great the feeling of the people against the offender. If the facts contended for by the State were true in the instant case, an inexcusable assault was made upon a virtuous young woman who is to be credited for having made a successful fight to retain her virtue. If the facts be as contended for by appellant, his actions in the premises were based upon what he supposed to be a series of acts and a course of conduct on the part of the prosecuting witness which he thought were calculated to make him believe that his attentions would be acceptable to her. The very character of the case and the issues involved were such as to demand that men be selected as jurors who were as free as possible from the passion and prejudice so easily aroused in the minds of good citizens when issues involving chastity of women appear. It will oftentimes be difficult for men free from prejudgment and using their best efforts to be fair, to calmly and properly decide such issues; and when the balance has been lost by prejudgment and the feeling

resulting from the excited passion of an enraged community, the greatest care should be exercised.

Appellant also asked for a continuance because of the absence of a witness living in another county. It was shown that a subpoena was issued on the day after the arrest of appellant and forwarded to the sheriff of said county, which subpoena had not been returned into court at the time of this trial. The facts stated as those expected from said witness appear to be pertinent to appellant's theory, and we cannot say what effect such testimony would have had if present and given before the jury. This was the first application for a continuance. A proper bill of exceptions was reserved to the refusal of the court to continue. We are not led to believe that any of the matters given in charge by the trial court were erroneous. The complaint reflected in one bill of exceptions of the argument of the State's attorney will not be discussed here in view of the fact that the case is reversed for the other reasons mentioned.

Believing the errors discussed of sufficient seriousness to require a reversal, same is ordered.

*Reversed and remanded.*

ON REHEARING.

November 1, 1922.

HAWKINS, JUDGE.—The State has filed a motion for rehearing vigoriously attacking the correctness of our opinion reversing and remanding. Appellant has filed an equally persuasive replication thereto. Each is supported by strong arguments, and many authorities are cited in support of the propositions contended for by the respective attorneys.

Further consideration of the questions discussed in the original opinion confirm us in the conviction that they were properly disposed of, and the motion for rehearing will be overruled.

*Overruled.*